FILED
2011 Sep-30  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Northern District of Alabama |
|---|---|
| Name (under which you were convicted): <br> Brian Scott Culver | Docket or Case No.: |
| Place of Confinement: <br> USP Tucson | Prisoner No.: <br> 26299-001 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) <br> Brian Scott Culver |
| v. | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Northern District of Alabama

   (b) Criminal docket or case number (if you know):  5:07-cr-00009-LSC-JEO-1

2. (a) Date of the judgment of conviction (if you know):  10/3/2007

   (b) Date of sentencing:  9/27/2007

3. Length of sentence:  720 months

4. Nature of crime (all counts):

   Two counts of enticing a minor to engage in sexually explicit conduct for purposes of producing a visual depiction of such conduct. A six count Superseding Indictment was returned, charging Petitioner with: (1) enticing a minor to engage in sexually explicit conduct for purposes of producing a visual depiction of such conduct.

5. (a) What was your plea? (Check one)

   (1)   Not guilty ☑         (2)   Guilty ❑         (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☑        Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑   No ✔

8.  Did you appeal from the judgment of conviction?   Yes ✔   No ❑

9.  If you did appeal, answer the following:

    (a) Name of court:   Eleventh Circuit Court of Appeals

    (b) Docket or case number (if you know):   07-14708-BB

    (c) Result:   Conviction Affirmed

    (d) Date of result (if you know):   3/2/2010

    (e) Citation to the case (if you know):   United States v. Culver, 598 F.3d 740 (11th Cir. 2010)

    (f) Grounds raised:

    See Attached

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ✔   No ❑

      If "Yes," answer the following:

    (1) Docket or case number (if you know):   10-165

    (2) Result:

    Petition Denied

    (3) Date of result (if you know):   10/4/2010

    (4) Citation to the case (if you know):   Brian Scott Culver v. United States

    (5) Grounds raised:

    See Attached

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑   No ✔

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏    No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ❏    No ❏

(2)  Second petition:    Yes ❏    No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

   See Attached

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   See Attached

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

See Attached

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Attached

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ✔

    (2) If you did not raise this issue in your direct appeal, explain why:

       Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

See Attached

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑    No ✔

   (2) If you did not raise this issue in your direct appeal, explain why:

     Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑    No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

See Attached

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Attached

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❏  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

      Ineffective Assistance of Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

See Attached 2255 Issue summaries

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ✔
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
Herbie Brewer, 341 West 19th Street, Jasper, AL 35501
(b) At arraignment and plea:
Herbie Brewer, 341 West 19th Street, Jasper, AL 35501
(c) At trial:
Herbie Brewer, 341 West 19th Street, Jasper, AL 35501
(d) At sentencing:
Herbie Brewer, 341 West 19th Street, Jasper, AL 35501

(e) On appeal:

Herbie Brewer, 341 West 19th Street, Jasper, AL 35501

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Resentencing

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
_____ (month, date, year).

Executed (signed) on ____9/30/11____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

**BRIAN SCOTT CULVER**
**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**QUESTION 9(f)**

GROUNDS RAISED ON APPEAL:

1.  18 U.S.C. § 2251(a) is unconstitutional because its "jurisdictional hook" is patently insufficient to ensure the statute's constitutional application to Petitioner when the 8mm videotape that was subject to Count 1 of the superseding indictment had not traveled in interstate commerce, and only some of its minor component parts, which could not have been used to create any images until the 8mm videotape was assembled in Alabama, had ever traveled in interstate commerce.

2.  The trial court lacked jurisdiction over Count 1 of the superseding indictment because the 8mm video that was the subject of Count 1 of the superseding indictment had not traveled in interstate commerce.

3.  The trial court erred in allowing the government to introduce evidence that Petitioner had allegedly "drugged" and "stun gunned" the alleged minor victim in this case, because the evidence was improper "404(b) evidence" that was substantially more prejudicial than probative.

4.  The trial court erred by allowing the government to introduce evidence of computer printouts related to drugs that were seized from Petitioner's vehicle, because the evidence was improper 404(b) evidence that was substantially more prejudicial than probative.

5.  The trial court erred by refusing to allow the defendant to obtain additional photographs of the alleged minor victim and/or her mother for comparative purposes, because the additional photographs were essential to Petitioner's defense that the alleged pornographic materials did not depict a minor, an error that later caused irreparable damage to Petitioner's defense when the government, in the middle of the trial, with no warning, and contrary to its prior commitments at the

Brian Scott Culver
28 U.S.C. § 2255
Question 9(f)
Page 2


evidentiary hearing, asserted that two separate women were depicted on the alleged pornographic 8mm videotape.

6.  The trial court erred by refusing to allow Petitioner to introduce evidence of the alleged minor victim's prior sexual relations to rebut evidence offered by the government that Petitioner was responsible for items, including condoms, alleged to have been found in the minor victim's bedroom, resulting in his inability to confront the evidence against him.

7.  The trial court erred by holding that Petitioner's prior non-final convictions in the same court for possession of obscene materials that involved the exact same alleged evidence and events that were being tried in this case could be used to impeach Petitioner if he testified on his own behalf.

8.  The trial court also erred by holding that Petitioner's prior non-final convictions in state court could be used to impeach his character witnesses.

9.  The trial court erred by giving inadequate, incomplete, and misleading instructions to the jury regarding circumstantial evidence.

10. Petitioner's case was due to be reversed because the evidence admitted at trial was legally insufficient to support the government's burden of proof that the alleged pornographic materials depicted a minor.

11. The trial court erred in sentencing Petitioner by using conduct which Petitioner had previously been acquitted in state court to enhance Petitioner's sentence, and the sentences imposed of 720 months was unreasonable, amounted to a life sentence for Petitioner.

12. Petitioner's case should be reversed and/or remanded for a new trial because of the prejudicial effect of all evidentiary errors, in the aggregate, were harmful to Petitioner in denying him a fair trial.

**BRIAN SCOTT CULVER**
**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**QUESTION 9(g)(5)**

GROUNDS RAISED ON PETITION FOR CERTIORARI:

1.   The power vested in Congress by Article I, § 8 of the
     Constitution does not extend to allow the prosecution of
     a defendant for an alleged violation of 18 U.S.C. §
     2251(a), when the "materials" alleged to have been used
     by that particular defendant have never traveled in
     interstate commerce.

2.   A defendant is deprived of his Sixth Amendment right to
     Confrontation and his Fourteenth Amendment right to due
     process when he is not allowed to conduct a noninvasive
     examination of an alleged minor victim and her mother to
     obtain photographs of those individuals to compare with
     alleged pornographic materials, for the purposes of
     including or excluding these individuals as the
     individuals depicted in the alleged pornographic
     materials and challenging the credibility of key
     witnesses, particularly when the prosecution had already
     taken photographs to inculpate the defendant.

3.   A defendant is deprived of his Fifth Amendment right to
     Due Process and his Sixth Amendment right to
     Confrontation when he is not allowed to introduce
     evidence of an alleged minor victim's recent prior sexual
     relations to rebut evidence offered by the Government
     that the defendant was responsible for certain items,
     including condoms, alleged to have been found in the
     victim's bedroom.

4.   A defendant is deprived of his Fifth Amendment right to
     Due Process when he is effectively precluded from
     testifying, and thus, effectively precluded from
     presenting any defense at all, by a trial court ruling
     that would have allowed prior non-final convictions in
     state court that related to the *exact same* alleged
     conduct and materials that were at issue in the federal
     case to be used to impeach the defendant if he testified
     on his own behalf.

Brian Scott Culver
28 U.S.C. § 2255
Question 9(g)(5)
Page 2


5.   A defendant is deprived his Fifth Amendment right to Due
     Process and his Sixth Amendment right to Confrontation
     when a trial court uses conduct that the defendant has
     not been charged with in federal court and that the
     defendant had previously been acquitted of in state court
     to impose a sentence that is over *four times* what was
     recommended under the Sentencing Guidelines.

**BRIAN SCOTT CULVER**
**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**
**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**QUESTION 12**

**GROUNDS RAISED:**

**Ground One:**

COUNSEL WAS INEFFECTIVE IN ALLOWING THE ENTIRE VIDEOTAPE TO BE SUBMITTED AND PLAYED FOR THE JURY DURING DELIBERATIONS.

Supporting Facts:

At trial, the government materially altered its position and only introduced one portion of the 8 mm tape. Previously, the government claimed that the tape was one continuous tape with one "victim." In addition to making a general objection to this change in position, counsel requested that it be granted a recess to examine Ms. Culver's hands (a request that had previously been denied) to support the defense theory that there were two non-minor women in the video. The trial court denied this request. Counsel introduced the entire tape to the jury and allowed the entire tape to be replayed by the jury during deliberations. This amounted to ineffective assistance of counsel.

**Ground Two:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT EVIDENCE PURSUANT TO 18 U.S.C. § 3553(a)(6) IN SUPPORT OF MITIGATION OF THE SENTENCE

Supporting Facts:

While trial counsel made a general request for leniency  he did not mention the need to sentence Petitioner in such a way so as to avoid unwarranted disparities as required by 18 U.S.C. § 3553(a)(6), nor did he provide the sentencing court with relevant information or evidence to help evaluate its chosen sentence compared to other similarly situated defendants. This failure resulted in an extremely disparate sentence in violation of and contravention to the statutory provisions of the Sentencing Reform Act. Had counsel provided the sentencing court with this relevant information it is highly probable that the

Brian Scott Culver
28 U.S.C. § 2255
Question 12
Page 2


sentencing court would have imposed a less harsh sentence so as
to avoid sentencing disparities in violation of the act.

**Ground Three:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
SENTENCING COURT'S FAILURE TO MAKE AN INCREMENTAL DEPARTURE FROM
THE GUIDELINES AND FAILED TO RAISE THIS ERROR ON APPEAL

Supporting Facts:

Although the PSR contained a suggested Guideline range of 180-
188 month, the sentencing court arbitrarily and without
discussing any incremental departure, imposed a 720 month
sentence. Counsel, however, failed to object to this improper
action by the court. Had counsel objected, it is reasonably
probable that the sentencing court would have corrected its
error and imposed a less severe sentence or, at a minimum, the
Eleventh Circuit would have corrected this error on appeal to
avoid unwarranted sentencing disparity in violation of the
sentencing Statute. Accordingly, Petitioner was harmed by this
ineffective assistance of counsel. On appeal counsel generally
referenced the unreasonable nature of the sentence imposed but
the government, in its reply brief, correctly pointed out that
counsel had presented no evidence to show that the sentence was
unreasonable.

**Ground Four:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
PROCEDURAL ERROR BY THE SENTENCING COURT OR RAISE THE ERROR ON
APPEAL

Supporting Facts:

Assuming that the increase in the sentence so far above the
Guideline range was based entirely on a variance, then counsel
was ineffective in failing to object to the procedure used by
the court. If the sentence was based entirely on a variance,
then the court committed a significant procedural error in
failing to first consider whether a departure was appropriate.
Here, had counsel objected to the sentencing court's significant
procedural error in failing to consider a departure then the
sentencing court would have had to correct its error or the

Brian Scott Culver
28 U.S.C. § 2255
Question 12
Page 3

Eleventh Circuit would have corrected it on appeal. Accordingly, counsel was ineffective in failing to object and Petitioner is entitled to habeas relief for resentencing.

**Ground Five:**

COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT ON THE GROUNDS THAT THE SENTENCE IMPOSED AMOUNTED TO CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF THE DISPARITY WITH SIMILARLY SITUATED DEFENDANTS AND THE COURT'S FAILURE TO INCREMENTALLY DEPART FROM THE GUIDELINES AND FAILED TO RAISE THIS ERROR ON APPEAL

Supporting Facts:

The sentence imposed in the instant matter is almost four times the maximum amount of the applicable Guideline range. The Court imposed this drastic sentence with this huge departure despite its failure to incrementally depart from the Guidelines or to consider similarly situated defendants. This amounts to cruel and unusual punishment based on the facts of this case. Counsel, however, was ineffective in failing to object to the cruel and unusual punishment of the sentence imposed. Petitioner was harmed by his counsel's ineffective performance and is entitled to habeas relief.

**Ground Six:**

THE SENTENCE IMPOSED AMOUNTS TO CRUEL AND UNUSUAL PUNISHMENT BECAUSE OF THE DISPARITY WITH SIMILARLY SITUATED DEFENDANTS AND THE COURT'S FAILURE TO INCREMENTALLY DEPART FROM THE GUIDELINES IN VIOLATION OF THE EIGHTH AMENDMENT

Supporting Facts:

The sentence imposed in the instant matter amounts to cruel and unusual punishment because the sentencing court ignored Congress' directive and imposed a disparate sentence in violation of its own procedures. This amounts to a plain error.

**Ground Seven:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE SENTENCING COURT'S PUNISHMENT OF PETITIONER FOR INVOKING HIS RIGHT NOT TO TESTIFY AND FAILED TO RAISE THIS ERROR ON APPEAL

Brian Scott Culver
28 U.S.C. § 2255
Question 12
Page 4


Supporting Facts:

Counsel did not object to the courts statements, or raise
anything regarding these statements on appeal. As these comments
show that the sentencing court improperly punished Petitioner
for exercising his right not to testify, this failure to object
was ineffective. Had counsel raised this issue at sentencing or
on appeal, the sentencing court either would have correctly
amended its sentence so as not to punish Petitioner for not
testifying at trial or sentencing or the Eleventh Circuit would
have corrected this error. Because this issue was not raised,
however, Petitioner was harmed. According, he is entitled to
habeas relief and resentencing.

**Ground Eight:**

THE SENTENCING COURT COMMITTED PLAIN ERROR IN PUNISHING
PETITIONER FOR INVOKING HIS RIGHT NOT TO TESTIFY AND HIS RIGHT
TO TRIAL

Supporting Facts:

Regardless of ineffective assistance of counsel for not
objecting to the courts comments on Petitioners silence, the
comments amounted to plain error. Accordingly, Petitioner should
be afforded habeas relief.

**Ground Nine:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
SENTENCING COURT'S PUNISHMENT OF PETITIONER FOR EXERCISING HIS
RIGHT TO TRIAL OR TO APPEAL THE COURTS ERROR

Supporting Facts:

At sentencing, before pronouncing its sentence that was almost
quadruple the Guideline range, the court made a statement that
counsel did not object to, or raise anything regarding this
statement on appeal. As this comment shows that the sentencing
court improperly punished Petitioner for exercising his right to
trial, this failure to object was ineffective.

Brian Scott Culver
28 U.S.C. § 2255
Question 12
Page 5


**Ground Ten:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL AN EXPERT TO
ESTABLISH PETITIONER'S UNLIKELIHOOD OF RECIDIVISM

Supporting Facts:

In reaching its decision to impose a sentence that is almost 4
times the applicable Guideline range, the sentencing court said:
"You are a danger that you will someday have the opportunity to
do this to another child." There was no expert testimony
presented by the government or the defense, to support this
blanket statement. Given Petitioner's history and the support he
has from both his family and the community an expert could have
educated the judge that Petitioner is not likely to harm any
child in the future. This would have had a substantial impact on
the sentence. Therefore, counsel was ineffective for failing to
call such an expert.

**Ground Eleven:**

THE COURT ERRED BY USING A FACTOR NOT IN EVIDENCE TO ARBITRARILY
DEPART FROM THE GUIDELINES AND COUNSEL PROVIDED INEFFECTIVE
ASSISTANCE IN FAILING TO OBJECT TO THIS ERROR OR RAISE IT ON
APPEAL

Supporting Facts:

At sentencing the court stated "You are a danger that you will
someday have the opportunity to do this to another child." There
was no evidence presented from the prosecution supporting this
finding. This finding was clearly used as a factor for the court
to impose the severe and disproportionate sentence given.
Counsel failed to object to the courts use of a factor not in
evidence.

**Ground Twelve:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE
DEPARTURE BASED ON U.S.S.G. § 5K2.8 AND FAILING TO APPEAL THIS
ISSUE

Brian Scott Culver
28 U.S.C. § 2255
Question 12
Page 6


Supporting Facts:

Assuming *arguendo* that the sentencing court departed based on some measure of extreme conduct, counsel was ineffective for failing to object on these grounds because none of the alleged conduct rises to the level necessary to support the kind of sentencing departure or variance imposed.

**Ground Thirteen:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE SENTENCING COURT'S EXTREME DEPARTURE WITHOUT ADEQUATE NOTICE AND FAILED TO RAISE THIS ERROR ON APPEAL

Supporting Facts:

The court is required to give notice if it is contemplating departing from the Guideline range based on anything not identified in the PSR. While the PSR in the instant matter contained a suggestion for a departure under § 5K2.8, neither the report nor the sentencing court provided Petitioner with any notice that the sentencing court was contemplating such a drastic departure that would result in a sentence that was almost four times the upper-end of the Guideline range. Counsel was ineffective in failing to object when it became clear that the court was considering a draconian departure for which Counsel received inadequate notice.

**Ground Fourteen:**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE SENTENCING COURT'S COMPLETE DISREGARD FOR THE GUIDELINES

Supporting Facts:

The sentencing court provided no explanation as to how it decided that the extreme departure it was imposing was the correct length. It appears that the fashioned its own sentence without regard for the guidelines. This was error, but counsel was ineffective in failing to object.